UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

Venus Concept USA, Inc., a
Delaware corporation,

  Plaintiff,
v.

Fanatical Skin Ink, LLC, a North Carolina
limited liability company, and Nicole
Johnson, an individual,

  Defendants.
_____/

# COMPLAINT

  Plaintiff, Venus Concept USA, Inc. ("Venus" or "Plaintiff"), sues Defendants, Fanatical Skin Ink, LLC ("Customer") and Nicole Johnson ("Guarantor," with Customer, "Defendants"), for damages and equitable relief, and alleges:

## Parties, Jurisdiction, and Venue

  1. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) based on diversity of citizenship.

  2. This is an action for money damages and other relief in excess of $75,000.00, exclusive of costs, interest, and attorneys' fees.

  3. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. §1391(b).[1]

---

[1] Venue is proper in Miami-Dade County, Florida because that is the forum in which the parties agreed to litigate their claims pursuant to the Subscription Agreement (defined below).

1

4873-1794-6166.1

4. Venus is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida. Venus is deemed a citizen of Delaware and Florida for purposes of §1332(c).

5. Customer is a North Carolina limited liability company and is a citizen of North Carolina.

6. Guarantor is a *sui juris* individual over the age of 18 who has guaranteed the performance of Customer's obligations under the Subscription Agreement that is the subject to this action. Upon information and belief, Guarantor is a resident of North Carolina and citizen of North Carolina and is the sole member of Customer.

## Introductory Statement

7. Venus is a medical aesthetic device company in the business of developing, commercializing, and delivering minimally invasive and non-invasive medical aesthetic and hair-restoration technologies and devices to its customers, such as Defendants. On or about August 16, 2019, Venus delivered its "Venus Versa," as well as additional supplies and goods to Defendants, to which Defendants received and accepted. As is explained in greater detail below, Defendants failed to provide Venus the benefit of its bargain by failing to adequately compensate Venus the reasonable value of the goods and services Defendants have received, accepted, and enjoyed pursuant to the Subscription Agreement.

## GENERAL ALLEGATIONS

8. Venus and Customer entered into and executed that certain "Subscription Agreement" dated August 16, 2019—Agreement # 0037256-4 (the "Subscription Agreement"), whereby Venus promised to deliver certain medical aesthetic device(s) and supplies ("Goods") in

consideration for Customer's promise to pay $107,000.00 in certain monthly installments listed therein. A true and correct copy of the Subscription Agreement is attached hereto as **Exhibit A**.

9. On the same day as Customer executed the Subscription Agreement, Guarantor executed and delivered a guaranty to Venus ("Guaranty"), wherein Guarantor personally guaranteed the full payment and punctual performance of all Customer's obligations under the Subscription Agreement. *See* **Exhibit A**, p.3.

10. Venus delivered all Goods and related supplies and materials listed within the Subscription Agreement to Defendants. Defendants received and accepted all such Goods and related supplies and materials listed within the Subscription Agreement.

11. Defendants failed to make the requisite payments under the Subscription Agreement and have been in continuing, unremedied default of their payment obligations under the Subscription Agreement since September 25, 2019.

12. Defendants' failure to make all of the requisite payments due and owing since September 25, 2019, constitutes an event of "Default" under the Subscription Agreement. *See* Subscription Agreement, § 13.a. ("Each of the following is a material default by the Customer: Customer fails to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

13. Upon the happening of a Default, the Subscription Agreement allows for and provides Venus with the right to immediately terminate same and to accelerate any and all payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

**14. Effect of Default** - In the event of any Default, Venus Concept may take any one of the following actions (separately or cumulatively): (i) terminate this Agreement with immediate effect and in such case the provisions of Section 15 below shall apply; (ii) without notice to the Customer or resort to legal process, remotely disconnect or otherwise disable the operation of the System; and/or (iii) cease providing the Customer with the Services (including the Limited Warranty for the System). (iv) obtain credit bureaus reports and /or any other searches or enquiries to determine credit worthiness.

**15. Effect of Termination or Expiration** - In the event of termination or expiration of this Agreement, the following shall apply:

The Customer shall pay forthwith (without notice) to Venus Concept as liquidated damages, and not as a penalty, an amount (the **'Liquidated Damages")** equal to the aggregate of:

    (i) Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default, and

    (ii) The unpaid value of:

        (A) Any remaining Monthly Installment payable from the date of Default, and
        (B) Amounts otherwise payable under the Agreement, and

    (iii) Any Enforcement Costs (as defined below) incurred by Venus Concept, and

    (iv) Interest thereon (as defined below) from the date of the Default until payment in full.

14. Because Defendants defaulted by failing to pay all amounts due by September 25, 2019, or any time thereafter, Venus delivered a Notice of Termination dated June 30, 2022, to Defendants terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement (the "Notice of Termination"). A true and correct copy of the Notice of Termination is attached hereto as **Exhibit B**.

15. Defendants failed to pay the amounts demanded pursuant to the Notice of Termination or otherwise respond to the Notice of Termination.

16. As of June 30, 2022, Defendants—jointly and severally—owe Venus a total of $79,836.44, consisting of the remaining value of the Subscription Agreement plus accrued interest. Venus is also entitled to interest on all amounts past due at a rate of 18% per annum and attorneys' fees and costs.

17. All conditions precedent to filing this action have occurred or have otherwise been waived or excused by Defendants.

18. Venus has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs, and Venus is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

4873-1794-6166.1

## COUNT I – BREACH OF CONTRACT

19. Venus re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

20. This is an action against Defendants for breach of the Subscription Agreement.

21. Venus and Defendants entered into and executed the Subscription Agreement.

22. The Subscription Agreement is a valid contract.

23. Venus fully performed its obligations under the Subscription Agreement by, *inter alia*, providing Defendants with the Goods and complying with all other requirements under the Subscription Agreement.

24. Defendants have defaulted under and materially breached the Subscription Agreement by failing and refusing to pay amounts due and owing to Venus pursuant to the Subscription Agreement despite demand by Venus.

25. Venus has suffered, and continues to suffer, damages as a result of Defendants' breach of the Subscription Agreement.

## COUNT II – BREACH OF GUARANTY

26. Venus re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

27. This is an action against Guarantor for breach of the Guaranty.

28. Guarantor has guaranteed the performance of Customer's obligations under the Subscription Agreement.

29. As a result of Defendants' breach and default under the Subscription Agreement, Guarantor is obligated to pay all amounts due and owing to Venus under the Subscription Agreement.

30. Venus has demanded that Guarantor pay to Venus the amounts due and owing under the Subscription Agreement; however, Guarantor has failed to make the required payments.

31. Guarantor has breached the Guaranty by failing and refusing to pay Venus the amounts due and owing under the Subscription Agreement.

32. Venus has suffered, and continues to suffer, damages as a result of Guarantor's breach of the Guaranty.

## COUNT III – UNJUST ENRICHMENT

33. Venus re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

34. This is an action against Defendants for unjust enrichment.

35. Venus conferred to the appreciation of Defendants certain benefits in the form of highly advanced, sophisticated, and costly medical aesthetic equipment, devices, and supplies, *i.e.*, the Goods and related supplies and materials listed within the Subscription Agreement

36. Defendants accepted and retained said benefits under circumstances which make it inequitable for them to have retained same without paying the value of the benefits received.

## COUNT IV – ACCOUNT STATED

37. Venus re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

38. This is an action against Defendants for account stated.

39. Before the institution of this action, Venus and Defendants had business transactions between them whereby they agreed to the resulting balance as demonstrated by Defendants' execution of the Subscription Agreement, and Venus' furnishing and tender of the Goods listed therein.

40. Defendants agreed and consented to the monthly installments listed in the Subscription Agreement by accepting the Goods and paying a portion of the amounts due and owing to Venus after the execution of the Subscription Agreement.

41. Defendants never objected to the amounts due and owing to Venus and thereby agreed to the resulting balance of same.

42. Defendants have not paid the balance due after a reasonable time and have refused to pay, despite Venus' demand for payment upon Defendants.

## COUNT V – REPLEVIN

43. Venus re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

44. To the extent this Court denies any and/or all of Venus' prior claims and causes of action, this is an action against Defendants for replevin.

45. Upon information and belief, Defendants are in possession of the Goods.

46. Venus is entitled to possession of the Goods pursuant to Section 15 of the Subscription Agreement.

47. The Goods are being wrongfully detained and withheld by Defendants.

48. The Goods have not been taken for a tax, assessment, or fine pursuant to the law.

49. The Goods have not been taken under an execution or attachment against the property of Venus for a tax, assessment, or fine pursuant to the law.

50. Venus has demanded the return of the Goods, and Defendants have failed and refused to return same.

**PRAYER FOR RELIEF**

**WHEREFORE**, Venus demands judgment against Defendants, jointly and severally, as follows:

a)  compensatory damages in an amount of no less than $79,836.44;

b)  default interest under the Subscription Agreement;

c)  the return of the Goods;

d)  pre- and post-judgment interest and any other interest available under any applicable rule or statute;

e)  all costs of this action, including reasonable attorneys' fees and costs; and

f)  such other and further relief as this Court shall deem just and proper

Dated: October 4, 2022                                          Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Counsel for Venus Concept USA, Inc.*
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Tel.: 954-728-1280
Fax: 954-678-4090
Vincent.Alexander@lewisbrisbois.com
David.Robbins@lewisbrisbois.com

By: /s/ Vincent F. Alexander
    Vincent Alexander
    Fla. Bar No. 68114
    David Robbins
    Fla. Bar No. 1012340

4873-1794-6166.1