UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23226-CIV-LENARD/LOUIS

**VENUS CONCEPT USA, INC.,**

    Plaintiff,

v.

**NICOLE JOHNSON and**
**FANATICAL SKIN INK, LLC,**

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS (D.E. 11)

**THIS CAUSE** is before the Court on Plaintiff Venus Concept USA, Inc.'s Motion for Default Final Judgment Against Defendants, ("Motion," D.E. 11), filed February 10, 2023. Defendants Nicole Johnson ("Johnson") and Fanatical Skin Ink, LLC ("Fanatical Skin") did not file a response. Upon review of the Motion and the record, the Court finds as follows.

**I.    Background**

Plaintiff is a medical aesthetic device company in the business of developing, commercializing, and delivering minimally invasive and non-invasive medical aesthetic and hair-restoration technologies and devices to its customers. (Compl. (D.E. 1) ¶ 7.) On August 16, 2019, Plaintiff entered into a Subscription Agreement with Fanatical Skin. (Id. ¶ 8.) Under the Subscription Agreement, Plaintiff agreed to deliver certain medical aesthetic devices and supplies ("Goods") to Fanatical Skin in exchange for $107,000.00 in

certain monthly installments. (Id.; see also Subscription Agmt. (D.E. 1-1).) Defendant Johnson personally guaranteed the Subscription Agreement on behalf of Fanatical Skin. (Id. ¶ 9.) Plaintiff delivered all Goods owed to Fanatical Skin under the Subscription Agreement, (id. ¶ 10), but Defendants failed to make the requisite payments due by September 25, 2019, or any time thereafter, (id. ¶¶ 11, 14). A total of $79,836.44 remains owed to Plaintiff, plus interest. (Id. ¶ 16.) The Subscription Agreement provides that interest on overdue payments shall be paid "at the rate of the lower of (i) eighteen percent (18%) per annum; or (ii) the highest interest rate permitted under applicable law, calculated and compounded monthly . . . ." (Subscription Agmt. ¶ 16.)

On June 30, 2022, Plaintiff delivered to Defendants a Notice of Termination, terminating the Subscription Agreement and demanding payment of any and all amounts due and owing under the Subscription Agreement. (Id. ¶ 14; see also Notice of Termination, D.E. 1-2.) The Notice states that Defendants have "been in continuing, unremedied default of its payment obligations under the Subscription Agreement since September 25, 2019." (Id.) Plaintiff demanded that Defendants pay Plaintiff "a total of $79,834.44, consisting of the remaining value of the Subscription Agreement plus accrued interest[,]" and claims entitlement to interest on all amounts past due at 18% per annum. (Id.) Defendants failed to pay the amounts demanded in the Notice of Termination. (Compl. ¶ 15.)

On October 4, 2022, Plaintiff filed the instant Complaint invoking the Court's diversity jurisdiction, (id. ¶¶ 1, 4-5), and asserting the following causes of action:

- Count I: breach of contract, (id. ¶¶ 19-25);

2

- Count II: breach of guaranty, (id. ¶¶ 26-32);

- Count III: unjust enrichment, (id. ¶¶ 33-36);

- Count IV: account stated, (id. ¶¶ 37-42);

- Count V: replevin, (id. ¶¶ 43-50).

Plaintiff filed Returns of Service reflecting that both Defendants were served on January 6, 2023. (D.E. 5, 6.) Defendants failed to respond to the Complaint, and on January 30, 2023, Plaintiff filed a Motion for Clerk's Entry of Default. (D.E. 8.) On January 31, 2023, the Clerk entered Default against both Defendants. (D.E. 9.)

On February 10, 2023, Plaintiff filed the instant Motion for Default Final Judgment, seeking default final judgment as to Counts I through IV (but not Count V). (D.E. 11.) Plaintiff attached to its Motion, inter alia, a Declaration of Damages, (D.E. 11-2), and a Declaration of Attorneys' Fees and Costs, (D.E. 11-3).

**II.    Legal Standard**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a court may enter default judgment following the Clerk's entry of default. "The entry of a default judgment is committed to the discretion of the district court[.]" Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985). By defaulting, a defendant admits the well-pleaded allegations of fact in the Complaint. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). However, "there must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th

Cir. 1975).[1] "[T]he correct inquiry in the context of a motion for a default judgment is whether the plaintiff has alleged sufficient facts to state a plausible claim for relief." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Id. at 1245.

The Court considers several factors upon a motion for entry of default judgment, including: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Banks v. SFRC Med. Dept. Officials, No. 09-20203-CIV-LENARD, 2011 WL 900544, *6 (S.D. Fla. Feb. 25, 2011).

**III.   Discussion**

    **a.   Liability**

Plaintiff seeks the entry of final default judgment as to Count I though IV of the Complaint, but not Count V.[2] (See Mot. at 6-11.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

[2] Plaintiff's Motion asks the Court to enter final default judgment on claims for breach of contract, (Mot. at 6-7), breach of guaranty, (id. at 7-8), unjust enrichment, (id. at 8-9), open account, (id. at 9-10), and account stated, (id. at 10-11). However, the Complaint does not allege a claim for open account. (See Compl. ¶¶ 19-50.) Rather, Count V asserts a claim for replevin. (See id. ¶¶ 43-50.)

After careful review of the Complaint and the record, the Court finds that there is a sufficient basis in the pleadings for judgment to be entered against Fanatical Skin for breach of contract (Count I),[3] and against Johnson for breach of guaranty (Count II).[4] Consequently, Plaintiff is entitled to default judgment as to Counts I and II. See Venus Concept USA, Inc. v. Smith High Inc., Case No. 1:21-cv-21558-KMM, 2022 WL 3701553, at *3 (S.D. Fla. Apr. 27, 2022) (granting Plaintiff's motion for default judgment as to the breach of contract and breach of guaranty claims); Venus Concept USA Inc. v. Vitahydr8, LLC, Case Number: 21-22243-CIV-MARTINEZ-BECERRA, 2022 WL 204685, at *2 (S.D. Fla. Jan. 24, 2022) (same); Venus Concept USA Inc. v. Transforming Arts, Inc., Case No. 21-cv-22384-BLOOM/Otazo-Reyes, 2021 WL 5163412, at *4-5 (S.D. Fla. Nov. 5, 2021) (same).

---

[3] Under Florida law, the elements of a breach of contract claim are "(1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (citing Abruzzo v. Haller, 603 So. 2d 1338, 1340 (Fla. Dist. Ct. App. 1992)). See also Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006). "In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." Id. (citing Marshall Constr., Ltd. v. Coastal Sheet Metal & Roofing, Inc., 569 So. 2d 845, 848 (Fla. Dist. Ct. App. 1990); Old Republic Ins. Co. v. Von Onweller Constr. Co., 239 So. 2d 503, 505 (Fla. Dist. Ct. App. 1970)). See also JF & LN, LLC v. Royal Oldsmobile-GMC Trucks Co., 292 So. 3d 500, 508-09 (Fla. Dist. Ct. App. 2020) (reciting elements of proof for breach of contract claim under Instruction 416.4 of Florida's Standard Jury Instructions for Contract and Business Cases, including that "the plaintiff 'did all, or substantially all, of the essential things which the contract required' the plaintiff to do unless he or she was excused from doing those things").

[4] "The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim." PNC Bank, N.A. v. Healey Plumbing, Inc., CASE NO. 19-CIV-60068-RAR, at *2 (S.D. Fla. June 6, 2019) (citing Luxor Agentes Autonomos de Investimientos v. Oliveira, CASE NO.: 13–CV–20806–WILLIAMS, 2013 WL 12064525, at *1 (S.D. Fla. June 6, 2019)).

However, because the Court is entering final default judgment on the claims for breach of contract and breach of guaranty, the Court finds that entering default final judgment on the claims for unjust enrichment and account stated is inappropriate. See Smith High, 2022 WL 3701553, at *3 (denying motion for default judgment as to claims for unjust enrichment, open account, and account stated); Vitahydr8, 2022 WL 204685, at *2 (same); see also T.T. Int'l Co., Ltd. v. BMP Int'l, Inc., Case No: 8:19-cv-2044-CEH-AEP, 2022 WL 971950, at *11 (M.D. Fla. Mar. 31, 2022) ("[I]f Plaintiff prevails on its breach of contract claims, it may not also recover for account stated."); Shandong Airlines Co. Ltd. v. CAPT, LLC, 650 F. Supp. 2d 1202, 1207 (M.D. Fla. 2009) ("[R]elief on . . . quasi-contract claims cannot be granted once a breach of contract has been established[.]") (citing Doe v. Univision Television Grp., Inc., 717 So. 2d 63, 65 (Fla. Dist. Ct. App. 1998); ThunderWave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1566 (S.D. Fla. 1997)); Auctus Grp., LLC v. 216 Constellation LLC, Case No. 8:22-cv-1689-KKM-AAS, 2022 WL 16951917, at *2 (M.D. Fla. Oct. 21, 2022) (same), report and recommendation adopted 2022 WL 16950438 (M.D. Fla. Nov. 15, 2022); cf. Rolyn Constr. Corp. v. Coconut Grove PT Ltd. P'ship, No. 07-20834-CIV, 2007 WL 2071268, at *2 (S.D. Fla. July 19, 2007) (finding that breach of settlement agreement claim was duplicative of account stated claims). Therefore, the Court will dismiss with prejudice the claims for unjust enrichment (Count III) and account stated (Count IV). See Shandong Airlines, 650 F. Supp. 2d at 1207 (dismissing as moot quasi-contract claims after finding the plaintiff was entitled to default judgment on breach of contract claim).

Furthermore, because Plaintiff did not move for default judgment as to the replevin claim (Count V), the Court deems that claim to be abandon and dismisses it with prejudice. See Export Dev. Can. v. Shore Acres Plant Farm, Inc., 526 F. Supp. 3d 1139, 1142 n.1 (S.D. Ala. 2021) (finding that the plaintiff had abandon claims for account stated and restitution where it failed to include those claims in its motion for default judgment).

### b.   Damages

Plaintiff seeks a damages award of $88,694.69, which includes the principal balance of $79,836.44 at 18% interest per annum, compounded monthly through February 10, 2023. (Decl. of Damages, D.E. 12-1 at 8.)

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). Following the entry of a default judgment, a district court may conduct an evidentiary hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2); see also Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). However, "[a]n evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone." S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). For example, "no such hearing is required where all essential evidence is already of record." Id. (citing S.E.C. v. First Fin. Grp. of Tex., Inc., 659 F.2d 660, 669 (5th Cir. 1981) (citing Thomas v. United States, 531 F.2d 746, 748 (5th Cir. 1976))).

The Court finds that all of the essential evidence regarding Plaintiff's damages is already in the record and that an evidentiary hearing is unnecessary. (See Decl. of Damages, D.E. 12-1.) The Court accepts Plaintiff's representation in its Declaration of Damages, submitted by Carmen Hurtado, that the principal balance on the Subscription Agreement is $79,836.44. (Id. ¶¶ 8, 10.)

However, the Court agrees with Judge Moore in Smith High, 2022 WL 3701553, at *4, Judge Martinez in Vitahydr8, 2022 WL 204685, at *2, and Judge Bloom in Transforming Arts, Inc., 2021 WL 5163412, at *6, that Plaintiff is not entitled to interest on the past due amount at a rate of 18% per annum, compounded monthly. "In a diversity action, state law governs the determination of prejudgment interest." Vitahydr8, 2022 WL 204685, at *2 (citing SEB S.A. v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir. 2007)). "'[P]rejudgment interest accrues until the date of the judgment after which post judgment interest begins to accrue.'" Id. (quoting Sunbeam, 476 F.3d at 1321). The highest interest rate permitted under Florida law for loans $500,000 or below is 18% per annum simple interest. Id. (citing Fla. Stat. §§ 687.02-.03). Accord Smith High, 2022 WL 3701553, at *4 (declining to apply interest rate at a rate of 18% per annum compounded monthly); Transforming Arts, Inc., 2021 WL 5163412, at *6 (same). Accordingly, the simple interest accumulated on a principal of $79,836.44 from September 25, 2019 to March 1, 2023 (1,253 days) is $49,332.36 (calculated at $79,836.44 x .18 ÷ 365 x 1253). Therefore, the Court finds that Plaintiff is entitled to default final judgment against Defendants, jointly and severally, for damages in the principal amount of $79,836.44, plus prejudgment

interest in the amount of $49,332.36, for a total of **$129,168.80**, which shall bear post-judgment interest.

### c. Attorneys' Fees and Costs

Plaintiff seeks an award of attorneys' fees in the amount of $6,440.00, and costs in the amount of $817.04. (Mot. at 11-12.)

Pursuant to Section 15(iii) of the Subscription Agreement, "[i]n the event of termination or expiration of this Agreement," Defendant "shall pay[,]" inter alia, "[a]ny Enforcement Costs . . . incurred by" Plaintiff and "[i]nterest thereon . . . from the date of the Default until payment in full." (Subscription Agmt. § 15(iii).) "Enforcement Costs" include, inter alia, "all costs and expenses in respect of collection" and "legal fees[.]" (Id.)

#### 1. Attorneys' fees

In support of its fees request, Plaintiff filed the Declaration of Vincent F. Alexander, Esq., a partner of Lewis Brisbois Bisgaard & Smith, LLP ("LBBS"), which is the law firm that represents Plaintiff. (Alexander Decl., D.E. 11-3.) Mr. Alexander, who has been a member in good standing of the Florida bar since 2009, billed 10.6 hours at $360 per hour, for a total of $3,816.00. (Id. ¶ 7.) Two paralegals under Mr. Alexander's supervision billed 16.4 hours at $160.00 per hour, for a total of $2,624.00. (Id.) Mr. Alexander attached time records to his Declaration which describe the fees incurred. (Id. at 5-10.)

Local Rule 7.3 provides the relevant mechanism for seeking an award of attorneys' fees. That Rule requires that the party seeking fees provide, inter alia: (1) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (2) the number of hours reasonably expended by each such timekeeper; (3) a description of the

tasks done during those hours; and (4) the hourly rate(s) claimed for each timekeeper[.]" S.D. Fla. L.R. 7.3(a)(5).

The framework for awarding attorneys' fees to a prevailing party requires the Court to "determine the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate." Id. at 1346 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The burden of establishing the number of hours reasonably expended, lies with the [prevailing party], and '[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.'" Id. (citing Hensley, 461 U.S. at 433); Norman, 836 F.2d at 1303). "Similarly, the [prevailing party] has the burden of establishing that the hourly rate requested is a reasonable one." Id. (citing Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)). However, the Court itself is an expert on the issue "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, the Court finds the rates charged by Mr. Alexander and the paralegals are reasonable hourly rates in Miami-Dade County, based on their skill and experience. See Venus Concept USA Inc. v. Smith High Inc., Case No. 1:21-cv-21558-KMM, 2022 WL 7609495, at *3 (S.D. Fla. Sept. 28, 2022) (finding that $360.00 was a reasonable hourly rate for Mr. Alexander, and that $160.00 per hour was a reasonable hourly rate for the

10

paralegals), report and recommendation adopted, 2022 WL 7514591 (S.D. Fla. Oct. 13, 2022).

The Court further finds that most of the 27 hours billed were reasonably expended on this litigation. See id. (finding 27.1 hours were reasonably expended in the litigation). However, the Court finds that 2.7 hours billed by Mr. Alexander and 0.7 hours billed by paralegal Gary Lipscomb were expended on what appears to be related state court litigation. (See D.E. 11-3 at 5 (entries for 7/6/2022, 8/2/2022, 1/10/2023, and 1/17/2023); id. at 8 (entries for 8/8/2022 and 8/9/2022)). Therefore, the Court's fee award will subtract a total of $1,084.00 from Plaintiff's total fees request—$972 from Mr. Alexander's billed hours (calculated at $360 x 2.7) and $112 from Mr. Lipscomb's billed hours (calculated at $160 x 0.7). Consequently, the Court will award Plaintiff **$5,356.00** in fees, plus post-judgment interest. See Gustave v. SBE ENT Holdings, LLC, Case No. 19-23961-Civ-SCOLA/TORRES, 2022 WL 4096656, at *7-8 (S.D. Fla. Aug. 29, 2022) (finding that the plaintiff was entitled to post-judgment interest on attorneys' fees), report and recommendation adopted, 2022 WL 4094554 (S.D. Fla. Sept. 7, 2022).

2. **Costs**

Finally, Plaintiff seeks costs in the amount of $817.04. (Mot. at 12.) According to the "Disbursement Diary" attached to Mr. Alexander's Declaration, $415.04 was incurred on August 3, 2022 for a "Court filing fee," and $402.00 was incurred on October 4, 2022 for a "Filing fee for complaint." (D.E. 11-3 at 10.)

Plaintiff filed the Complaint in this Court on October 4, 2022. (D.E. 1.) The docket text associated with the Complaint reflects that Plaintiff paid the $402.00 filing fee. (Id.)

The $415.04 appears to be related to a state court action filed prior this federal lawsuit. (See D.E. 11-3 at 5 (entries for 7/6/2022, 8/2/2022, 1/10/2023, and 1/17/2023).) The Court denies Plaintiff's request for costs related to the state court action. Consequently, the Court will award Plaintiff costs in the amount of **$402.00**—the filing fee for this federal action. Smith High, 2022 WL 7609495, at *5 (awarding Plaintiff $402.00 in costs for the federal court filing fee because "Plaintiff is entitled to the full amount request for fees of the clerk under 28 U.S.C. § 1920").

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Default Final Judgment Against Defendants (D.E. 11) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order;

2. Pursuant to Rule 55(b) and 58(a), Final Default Judgment will be entered separately as to Counts I and II; and

3. Counts III, IV, and V are **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of March, 2023.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**